

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARYANNE ZADROWSKI**<br>**Plaintiff** | : | **CIVIL ACTION NO.** |
| | : | |
| **V.** | : | **TRIAL BY JURY** |
| | : | |
| **TOWN OF PLAINVILLE, CHIEF DANIEL**<br>**COPPINGER, in his individual and official**<br>**capacity; LIEUTENANT BRIAN MULLINS,**<br>**in his individual and official capacity;**<br>**SERGEANT RICHARD MARQUES, in his**<br>**individual and official capacity; OFFICER**<br>**BRIAN CYBULSKI, in his individual and**<br>**official capacity; OFFICER GREG ARVAI,**<br>**in his individual and official capacity;**<br>**OFFICER SHANE PHILLIPS, in his**<br>**individual and official capacity; OFFICER**<br>**MICHAEL BISNOV, in his individual and**<br>**official capacity**<br>**Defendants** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | *3:09CV1367(MRK)*<br><br><br><br><br><br><br><br><br><br><br><br>**AUGUST 14, 2009** |

### COMPLAINT

The Plaintiff, Maryanne Zadrowski, through her attorneys, brings this civil action for

violations of his rights secured and protected by the Civil Rights Act of 1871 (42 U.S.C. §

1983), the Fourth and Fourteenth Amendments to the United States Constitution, Article

First §§ 7, 8, and 9 of the Connecticut Constitution, and under the laws of the State of

Connecticut, for which he seeks compensatory and punitive damages, declaratory and

injunctive relief, as well as attorneys fees and costs.

## JURISDICTION

1.    Jurisdiction in this matter is premised on 28 U.S.C. § 1331, in that this District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

2.    This Court has supplemental jurisdiction over the Plaintiff's state law claims in accordance with 28 U.S.C. § 1367.

## VENUE

3.    Venue in the District of Connecticut is proper in accordance with 28 U.S.C. § 1391.

## PARTIES

4.    The Plaintiff, Maryanne Zadrowski ("Plaintiff") is a resident of Plainville, Connecticut.

5.    Upon information and belief, the Defendant Town of Plainville, is and was at all times relevant hereto a municipal corporation, incorporated and existing under the laws of the State of Connecticut.

6.    Upon information and belief, the Defendant Chief Daniel Coppinger, is and was at all times relevant hereto the Chief of the Plainville Police Department, and the final policymaker in the area of law enforcement, he is being named in his individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of his employment with the Town of Plainville

and/or the Plainville Police Department.

7.      Upon information and belief, the Defendant Lieutenant Brian Mullins, is and was at all times relevant hereto a lieutenant with the Plainville Police Department, he is being named in his individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of his employment with the Town of Plainville and/or the Plainville Police Department.

8.      Upon information and belief, the Defendant Sergeant Richard Marques, is and was at all times relevant hereto a sergeant with the Plainville Police Department, he is being named in his individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of his employment with the Town of Plainville and/or the Plainville Police Department.

9.      Upon information and belief, the Defendant Officer Brian Cybulski, is and was at all times relevant hereto a police officer with the Plainville Police Department, he is being named in his individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of his employment with the Town of Plainville and/or the Plainville Police Department.

10.     Upon information and belief, the Defendant Officer Greg Arvai, is and was at all times relevant hereto a police officer with the Plainville Police Department, he is being named in his individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of his

employment with the Town of Plainville and/or the Plainville Police Department.

11.     Upon information and belief, the Defendant Officer Shane Phillips, is and was at all times relevant hereto a police officer with the Plainville Police Department, he is being named in his individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of his employment with the Town of Plainville and/or the Plainville Police Department.

12.     Upon information and belief, the Defendant Officer Michael Bisnov, is and was at all times relevant hereto a police officer with the Plainville Police Department, he is being named in his individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of his employment with the Town of Plainville and/or the Plainville Police Department.

## STATEMENT OF FACTS

13.     On or around the night of October 27, 2008, the Plaintiff contacted the Plainville Police Department out of concerns that her son might harm himself.

14.     Subsequently Defendants Lieutenant Brian Mullins, Sergeant Richard Marques, Officer Brian Cybulski, Officer Greg Arvai, Officer Shane Phillips, and/or Officer Michael Bisnov (the "Defendant Officers") responded to the call.

15.     When the Defendant Officers responded, they took both her son into custody, and for reasons unknown, her brother.

16.     When the Plaintiff inquired as to why the Defendant Officers were

-4-

arresting her brother, she was given no response.

17.    When the Plaintiff told the Defendant Officers that she was contacting her attorney, one or more of the Defendant Officers violently grabbed her around the neck.

18.    This all occurred while the remaining Defendant Officers stood idle and did nothing to stop this attack.

19.    As a direct and proximate result of the conduct of the Town of Plainville, Chief Daniel Coppinger, Lieutenant Brian Mullins, Sergeant Richard Marques, Officer Brian Cybulski, Officer Greg Arvai, Officer Shane Phillips, and/or Officer Michael Bisnov, the Plaintiff has suffered personal injuries including but not limited to a trauma to her neck/back, and emotional distress, some of which injuries are permanent in nature.

**FIRST COUNT (Defendant Officers - 42 U.S.C. § 1983 / Fourth and Fourteenth Amendments to the United States Constitution; Article First §§ 7, 8, and 9 of the Connecticut Constitution)**

1.    The allegations contained in paragraphs 1 through 19 of the Preliminary Statement are hereby reincorporated and realleged as if fully restated herein as paragraphs 1 through 19 of the First Count.

20.    The Defendant Officers violated the Plaintiff's rights secured and protected by the  Fourth and Fourteenth Amendments to the United States Constitution, Article First §§ 7, 8, and 9 of the Connecticut Constitution, in one or more of the following ways:

a.    in using excessive force upon the Plaintiff;

b.    in arresting Plaintiff's liberty without probable cause, a warrant, or any exigent circumstances; and/or

c.    in that the Defendant Officers acted jointly and in concert with each other as they each had the duty and opportunity to protect the Plaintiff from the unlawful acts of the others.

21.    As a direct and proximate result of the conduct of the Town of Plainville, Chief Daniel Coppinger, Lieutenant Brian Mullins, Sergeant Richard Marques, Officer Brian Cybulski, Officer Greg Arvai, Officer Shane Phillips, and/or Officer Michael Bisnov, the Plaintiff has suffered personal injuries including but not limited to a trauma to her neck/back, and emotional distress, some of which injuries are permanent in nature.

**SECOND COUNT (Defendant Officers - Common Law)**

1.    The allegations contained in paragraphs 1 through 19 of the Preliminary Statement are hereby reincorporated and realleged as if fully restated herein as paragraphs 1 through 19 of the Second Count.

20.    The Defendant Officers violated the Plaintiff's common law rights, in one or more of the following ways:

a.    in that the Defendant Officers were negligent in conducting themselves in that they should have been aware of a substantial and unjustifiable risk that their conduct would violate the Plaintiff's rights;

b.    in that the Defendant Officers were reckless in conducting themselves in that they consciously disregarded a substantial and unjustifiable risk that



their actions would violate the Plaintiff's rights;

c.    in that the Defendant Officers assaulted and/or battered the Plaintiff in that their conduct caused harmful or offensive contact with the Plaintiff, and that immediately before the battery their conduct caused imminent apprehension of harmful or offensive contact;

d.    in that the Defendant Officers falsely imprisoned the Plaintiff in that their conduct unlawfully restrained the Plaintiff's physical liberty;

e.    in that the Defendant Officers negligently inflicted emotional distress upon the Plaintiff in that they should have realized that their conduct involved an unreasonable risk of causing emotional distress and that distress, might result in illness or bodily harm, further the fear or distress experienced by the Plaintiff was reasonable in light of the conduct; and/or

f.    in that the Defendant Officers intentionally inflicted emotional distress upon the Plaintiff in that they (1) intended to inflict emotional distress upon the Plaintiff or that they knew or should have known that emotional distress was the likely result of their conduct; (2) that their conduct was extreme and outrageous; (3) that their conduct was the cause of the Plaintiff's distress; and (4) that the emotional distress sustained by the Plaintiff was severe.

21.    As a direct and proximate result of the conduct of the Town of Plainville, Chief Daniel Coppinger, Lieutenant Brian Mullins, Sergeant Richard Marques, Officer Brian Cybulski, Officer Greg Arvai, Officer Shane Phillips, and/or Officer Michael Bisnov, the Plaintiff has suffered personal injuries including but not limited to a trauma to her neck/back, and emotional distress, some of which injuries are permanent in nature.

**THIRD COUNT (Town of Plainville and Chief Alan Baker - 42 U.S.C. § 1983 / Fourth and Fourteenth Amendments to the United States Constitution; Article First §§ 7, 8, and 9 of the Connecticut Constitution)**

1.      The allegations contained in paragraphs 1 through 19 of the Preliminary

Statement are hereby reincorporated and realleged as if fully restated herein as

paragraphs 1 through 19 of the Third Count.

20.     At all times relevant hereto, the Town of Plainville was acting by and

through Chief Daniel Coppinger who is the final policy maker in the area of law

enforcement, and had in effect actual and/or de facto policies, practices, and customs.

21.     These actual and/or de facto policies, practices, and customs include, but

are not limited to the following:

    a.      the failure to properly screen, supervise, discipline, transfer, counsel,
        and/or otherwise control police officers engaged in the use of reasonable
        and justified  force, and the duty to intervene to protect and secure
        individual civil rights; and/or

    b.      the failure to properly train and supervise police officers engaged in the
        use of reasonable and justified force, and the duty to intervene to protect
        and secure individual civil rights .

22.     These actual and/or de facto policies, practices, and customs constitutive

a deliberate indifference to the rights of the citizens and residents of the Town of

Plainville and the State of Connecticut, and were a moving force behind the Defendant

Officer's constitutional violations.

23.     As a direct and proximate result of the conduct of the Town of Plainville

and Chief Daniel Coppinger, the Plaintiff has suffered personal injuries including but not

limited to a trauma to her neck/back, and emotional distress, some of which injuries are

permanent in nature.

**FOURTH COUNT (Town of Plainville - Conn. Gen. Stat. § 52-557n; Conn. Gen. Stat. § 7-465)**

1.      The allegations contained in paragraphs 1 through 19 of the Preliminary

Statement are hereby reincorporated and realleged as if fully restated herein as

paragraphs 1 through 19 of the Fourth Count.

20.     The Town of Plainville is liable to the Plaintiff in accordance with one or

more of the following statutes:

    a.      Conn. Gen. Stat. § 52-557n in that a municipal employee(s) negligence caused  damage to the Plaintiff, who was at all times relevant hereto an identifiable victim that was subjected to immanent harm; and/or

    b.      Conn Gen. Stat. § 7-465 in that the municipality is required to indemnify municipal employee(s) who cause physical injury and/or violate an individuals civil rights.

21.     As a direct and proximate result of the conduct of the municipal

employees of the Town of Plainville, the Plaintiff has suffered personal injuries including

but not limited to a trauma to her neck/back, and emotional distress, some of which

injuries are permanent in nature.

**WHEREFORE**, the Plaintiff demands:

1.  A trial by a jury of her peers;

2.  Punitive damages;

3.  Compensatory damages;

4.  Attorneys fees and costs;

5.  Injunctive relief;

6.  Any and all other equitable relief in accordance with the claims of the Plaintiff, as the Court deems appropriate.

**THE PLAINTIFF,**

**BY**

**A. Paul Spinella, Esq.**
**Spinella & Associates**
**One Lewis Street**
**Hartford, CT 06103**
**860.728.4900 - Tel**
**860.728.4909 - Fax**
**attorneys@spinella-law.com**
**Federal Bar: ct00078**

-10-