**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MARYANNE ZADROWSKI<br>Plaintiff | : | CIVIL ACTION NO.<br>3:09-CV-1367 (DJS) |
| VS. | : | |
| TOWN OF PLAINVILLE, ET AL.. | : | |
| Defendants | : | JUNE 10, 2011 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

**I.    FACTUAL BACKGROUND**
   **a. Complaint**

The Plaintiff has brought a four count Complaint alleging various theories of recovery against the Defendant. Count One of the Complaint sets forth a claim under 42 U.S.C. § 1983, alleging the various Defendants violated the Plaintiff's constitutional rights as protected by the Fourth and Fourteenth Amendments. Specifically, it is alleged that the Defendants (a) used excessive force, (b) arrested the Plaintiff's liberty without probable cause, warrant or exigent circumstances and (c) acted in concert in failing to protect the Plaintiff from said abuses, despite opportunity to do so.

2

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976
{00388481.DOC} (860) 525-5361                    Facsimile (860) 525-4849                    Juris No. 24029

Count Two of the Complaint sets forth various six (6) common law theories of recovery. Specifically, the Plaintiff alleges that the Defendants (1) were negligent in conduct, (2) were reckless in conduct, (3) subjected the Plaintiff to assault, (4) falsely imprisoned the Plaintiff, (5) negligently inflicted emotional distress upon the Plaintiff and (6) intentionally inflicted emotional distress upon the Plaintiff.

Count Three of the Complaint asserts a theory of recovery proscribed by *Monell*. Specifically, Count Three alleges that the Town of Plainville, by and through Chief Daniel Coppinger (Ret.), failed to adequately supervise its employees and failed to provide them with proper training. It is alleged that the existence of "actual and/or de fact policies, practices and customs" propogated the aforementioned negligent acts.

Finally, Count Four asserts a theory of negligence against the Town, under Conn. Gen. Stat. § 52-557n and/or § 7-465.

### b. Pertinent Facts

The Defendant asserts those facts and the supporting grounds as are contained in the attached Statement of Facts, pursuant to Local Rule 56(a).

3

## II.    LEGAL ARGUMENT

The Plaintiff's multiple claims are without merit and subject to valid defenses.

### a.  First Count

The Plaintiff's First Count alleges a violation of the Fourth Amendment and its Connecticut counterpart, in violation of C.G.S. § 1983. Specifically, the Plaintiff alleges that she was the subject of excessive force and that the other officers did not fulfill their duty to protect her from assault. There is no material issue of fact regarding the Plaintiff's inability to sustain her burden of establishing the requisite elements, as the use of force against her was reasonable and de minimis in light of the circumstances. Further, there was no knowledge on the part of all other officers, save Lieutenant Mullins, and no opportunity to otherwise intervene. Even if this Court determines that a violation did occur, as to all issues, the Defendants are entitled to immunity as the use of force was reasonably believed necessary to prevent the Plaintiff from interfering with other police officers.

### i.  Civil Rights Violations

Notwithstanding the immunity afforded the alleged acts and omissions of the officers, the Plaintiff cannot establish that liability should lie for her claims.

4

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976

{00635882.DOC} TELEPHONE (860) 525-5361                 FACSIMILE (860) 525-4849                 JURIS No. 24029

### 1. Excessive Force

The use of force by Sergeant Marques was objectively reasonable and therefore a claim for excessive force cannot lie. The Second Circuit has held that "outside the context of an arrest, a plaintiff may make claims of excessive force under § 1983 under the Due Process Clause of the Fourteenth Amendment." *Hemphill v. Schott*, 141 F.3d 412, 418 (2d Cir. 1998). Under *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973)[1], a four-part test is employed to determine whether force is excessive under the Fourteenth Amendment, *i.e.,* whether it "shocks the conscience." *See Rahman v. Philip,* 1995 WL 679251, at *4 (S.D.N.Y.) (applying *Johnson* test to excessive force claim under Due Process Clause), *aff'd,* 104 F.3d 356 (2d Cir.1996) (summary order), *cert. denied,* 520 U.S. 1267, 117 S.Ct. 2438, 138 L.Ed.2d 198 (1997). Those factors are: "[1] the need for the application of force, [2] the relationship between the need and the amount of force that was used, [3] the extent of injury inflicted, and [4] whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Johnson,* 481 F.2d at 1033. As the Court in *Johnson*

---

[1] While *Johnson* was overruled by the Supreme Court's decision in *Graham v. Connor,* 490 U.S. 386 (1989), the scope of the ruling only affected the treatment of excessive force claims occurring in the context of a seizure under the Fourth Amendment. *Johnson* continues to remain the proper standard for analysis of claims arising outside of the context of an arrest of seizure. *See Tierney v. Davidson,* 133 F.3d 189, 199 (1998).

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976
{00533048.DOC} (860) 525-5361          Facsimile (860) 525-4849          Juris No. 24029

opined, "[t]he acts must do more than 'offend some fastidious squeamishness or private sentimentalism about combatting crime too energetically'; they must be such as 'to offend even hardened sensibilities,', or constitute force that is 'brutal' and 'offensive to human dignity.'" *Id.* at n. 6 (citing *Rochin v. California,* 342 U.S. 165, 172 (1952). Each factor weighs in favor of a finding that the use of force was necessary and appropriate.

In this case, it has been established that the Plaintiff, a large female, was consistently acting in a belligerent and profanely abusive manner towards the Defendant police officers. While in such a state, she attempted to proceed down the driveway towards a location where her brother had been placed under arrest and where the other officers were corralling, arresting and monitoring her son, who was drunk, high, purportedly suicidal, admittedly "out of control" and threatening violence to the police officers and their families. The Plaintiff (who attempts to portray herself as a lawful and complacent victim despite ample evidence showing that she was enraged by the officer's decision to arrest her brother despite her theory on who was at fault and was "communicating" her displeasure through verbal abuse deriding the officers actions) attempted to reintroduce her presence and vitriol into an already tense situation in an attempt to lambaste the officers for arresting her brother or deride her son for his actions, which would only serve to (a) encourage her son to continue his unpredictable

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
{00638648.DOC} TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS NO. 24029

and violent behavior or (b) create a larger domestic issue. In order to prevent the Plaintiff's intrusion, Sergeant Marques reached out his arm and prevented the Plaintiff from continuing towards the arresting officers. The amount of force was necessary in order to prevent the Plaintiff, who weighed over 225 pounds, from simply passing him by. Sergeant Marques did not intend to cause harm, and only applied enough force to prevent the Plaintiff from interfering with the actions of the other officers. Following the application of force for the short time period, no further attempt to intervene was made by the Plaintiff and the Defendant officers were able to complete their business and bring Richard Bright and Walter Zadrowski to police headquarters. The Plaintiff did not complain of her injuries to anyone on the scene.

The Second Circuit has held that similar use of force to restrain individuals from interfering with ongoing police activity is de minimis and reasonable. *See Tierney v. Davidson,* 133 F.3d 189, 199 (2d Cir. 1998). In a similar case, this Court has held that the use of force against an individual on the scene is reasonable in order to protect the fellow officers who are attending to other issues. *See Davis v. Callaway,* 2007 WL 1079988 (D.Conn.). Therein, it was alleged that the a police officer used excessive force against the father of an arrestee. The Court found that "[b]ecause of [the father's] proximity to the officers and his daughter, it was objectively reasonable for Perry to

7

believe that [the father] would attempt to physically interfere the officers' attempt to arrest her. Thus, it was reasonable for [the officer] to see the need to immobilize [the father] in order to prevent such interference. That is, in the interest of preventing the possibility that [the father] might interfere with the other officers, [the officer] was justified in immobilizing [the father] in the manner in which he did." *Id.* at *4. In *Davis*, the officer tackled Davis to the ground and forcefully placed his knee on the father's back, followed by the spraying of oleoresin capsicum ("pepper spray"). *Id.* These actions were found to be objectively reasonable given the necessity of preventing the potential for interference by the father.

The Plaintiff's conduct in this case, combined with the totality of the circumstances, provides that the conduct of Sgt. Marques was a reasonable act of an officer. As has been provided, the police officers on scene were confronted with the following scenario: (1) Walter Zadrowski had offered a weapon to a suicidal, intoxicated teenager, who was admittedly out of control; (2) Upon his arrest for reckless endangerment, the officer came under significant verbal abuse from the Plaintiff and Richard Bright, which included threats of violence from Richard Bright. Given the proximity of weapons, a intoxicated minor and overt threats of violence both against the responding officers and the complainants in a domestic situation, the circumstances

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
{00635482.DOC} TELEPHONE (860) 525-5361                FACSIMILE (860) 525-4849                JURIS No. 24029

required the separation of all of the parties, both to diffuse the situation and ensure the

officers safety. The Plaintiff's actions, regardless of her intentions, reflected an attempt

to intervene and therefore exhibited a threat to ignite an already volatile scenario. The

conduct of Sgt. Marques, in quickly restraining her, was therefore objectively reasonable

in light of the knowledge of the officers at the scene.

### 2.  Failure to Intervene

Lieutenant Mullins, Officer Arvai, Officer Bisnov, Officer Cybulski, Officer Chase

and Officer Phillips did not have an opportunity to intervene and therefore judgment

must be granted in favor of the Defendant's on these counts. While police officers "have

an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are

being violated in their presence by other officers"; *O'Neill v. Krzeminski,* 839 F.2d 9, 11

(2d Cir.1988); it is implicit that such officers must have knowledge of the act *and* an

opportunity to intercede. "An officer who fails to intercede is liable for the preventable

harm caused by the actions of the other officers where that officer observes or has

reason to know: (1) that excessive force is being used, (2) that a citizen has been

unjustifiably arrested, or (3) that any constitutional violation has been committed by a

law enforcement official." *Anderson v. Branen,* 17 F.3d 552, 557 (2d Cir.1994) (internal

citations omitted). Whether an officer had a "realistic opportunity to intervene to prevent

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
{00668048.DOC} (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

the harm from occurring" is a "question of fact for the jury unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." *Id.*

In this case, it has already been shown that excessive force was not used upon the Plaintiff and therefore no constitutional violation occurred. Further, it is beyond cavil that the officers did not have an opportunity to intervene, were such intervention necessary. The alleged conduct occurred in a very short time period, and well away from the other officers who were handling other issues and individuals. The indisputable evidence provides that at the time of the altercation, Officer Bisnov was positioned at the street and responsible for observing Walter Zadrowski. Officers Arvai, and Phillips were located approximately halfway down the darkened driveway, over fifty (50)feet away, attempting to restrain and arrest Richard Bright. Lieutenant Mullins was attempting to aide them as well, while also making a determination of whether to transport Bright directly to the hospital. Officers Chase and Cybulski were also in that area, monitoring Richard Bright due to his threatening behavior. Meanwhile, Sergeant Marques was observing the remaining four (4) individuals on the property (of whom two had already made their displeasure in the actions of the police known) to ensure that no attempt to interfere was forthcoming, especially in light of the repeated profane verbal attacks from the Plaintiff. When the Plaintiff attempted to approach or interfere, Sergeant Marques properly prevented her from proceeding further down the driveway.

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976
{00635481.DOC} (860) 525-5361          Facsimile (860) 525-4849          Juris No. 24029

Of the responding officers, only Lieutenant Mullins saw the interaction between Sergeant Marques and the Plaintiff, and from his perspective 50 feet away, it did not appear to be an issue requiring intervention. Not only were the officers unaware of the use of force, due to the fact that they were dealing with Walter Zadrowski and an intoxicated, agitated, abusive and threatening Richard Bright, the amount of time during which Ms. Zadrowski was restrained would not have offered the other officers an opportunity to intercede. As there was no failure to intervene, judgment must enter in favor of the Defendants.

### ii. Qualified Immunity

All of the named Defendants are entitled to qualified immunity for their claims and summary judgment must enter in their favor. Qualified immunity protects public officials from liability for civil damages when one of two conditions is satisfied: "(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law" *Poe v. Leonard,* 282 F3d 123, 133 (2d Cir. 2002) [internal quotations omitted] ). Qualified immunity generally is a question of law to be resolved by the court, and since it is "an immunity from suit rather than a mere defense to liability," *Mitchell v. Forsyth*, 472 U.S. 511, 526 [1985], it should be decided at the earlier possible stage of the litigation.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS NO. 24029

*Hunter v. Bryant*, 502 U.S. 224, 228 (1991). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsuth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

As the Supreme Court has explained, qualified immunity covers "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096 (1986).  A court deciding whether a party is protected from suit under qualified immunity must first ask whether that individual's conduct "violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known." *Cerrone v. Brown*, 246 F.3d 194, 199 (2d Cir.2001) If that question is answered in the positive, the court must then ask whether "it was 'objectively reasonable' for [the official] to believe that his actions were lawful at the time of the challenged act." *Id.* (citing *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 3040 (1987)) (other citations omitted). The Second Circuit has explained that "[i]n deciding whether a particular right was clearly established as of a particular time, we must determine (i) whether the right at issue was defined with reasonable clarity; (ii) whether the Supreme Court or the Second Circuit had affirmed the existence of the right; and (iii) whether reasonable [officials] in the defendants' position would have

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
{06685481.DOC} 525-5361                    FACSIMILE (860) 525-4849                    JURIS No. 24029

understood from the existing law that their conduct was unlawful." *Townes v. City of New York*, 176 F.3d 138, 144 (2d Cir.1999).

In the event that the Court determines that a constitution violation took place, the officers are nonetheless entitled to qualified immunity. As has been previously stated, only Sergeant Marques interacted with the Plaintiff in any substantive fashion. Taking the facts as alleged and as testified to by the Plaintiff and her family members, it is clear that the scene at 129 Shuttlemeadow Road was rife with anger and displeasure from the Plaintiff and her intoxicated and out of control son. The Plaintiff's actions, in attempting to continue to verbally abuse, berate, and interfere with the efficient police work of the Plainville officers because she felt they didn't have probable cause to arrest her brother, resulted in a situation where she had to be physically restrained by Sergeant Marques. The other officers named in the Complaint did not have knowledge of the interaction between Sergeant Marques and the Plaintiff, and therefore had no knowledge of any alleged violation of any constitutional right. In this case, each of the officers are entitled to qualified immunity.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
{00838484.DOC} (860) 525-5361                    FACSIMILE (860) 525-4849                    JURIS NO. 24029

### b. Second Count

#### i. Negligence

The Plaintiff's claim against the Defendants in common-law negligence cannot stand, as the Defendants are entitled to governmental immunity. See discussion in Section II-d.

#### ii. Recklessness

The theory of recklessness requires that the Plaintiff establish that the actions of the Defendant were unreasonable. In order to establish that the defendants' conduct was wanton, reckless, willful, intentional and malicious, the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts. Such conduct is more than negligence, more than gross negligence.... It is such conduct as indicates a reckless disregard of the just rights or safety of others" *Elliott v. City of Waterbury,* 245 Conn. 385, 414, 715 A.2d 27 (1998) (internal quotations omitted).

The severity of the actions of the Defendant Marques is *de minimis*, and reflects the amount of force necessary to ensure that the Plaintiff did not further instigate matters. There is no evidence to suggest that the Defendants had any other state of mind. Sergeant Marques acted solely with an intent to prevent MaryAnne Zadrowski

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
{00688848.DOC} (860) 525-5361                    FACSIMILE (860) 525-4849                    JURIS NO. 24029

from interfering with the ongoing arrest and processing of her brother and son. The

other officers on the scene were so far removed from the incident and otherwise

engaged in the arrest and supervision of Walter Zadrowski and Richard Bright that no

contact between each officer and the Plaintiff was possible. Therefore, the Plaintiff's

claim of recklessness must be dismissed and judgment granted in favor of the

Defendants.


### iii.  Assault & Battery

In order to establish a claim for common law assault and battery, plaintiff must

prove that the defendant applied harmful or offensive contact with the person of

another.  The contact must be unlawful and the direct and immediate consequence of a

force exerted by the defendant intentionally, wantonly, or recklessly.  *Williams v. Lopes*,

64 F.Supp. 2d. 37 (D.Conn. 1999).

As can readily be inferred from the facts of this action and as has been set forth

above, the use of force by Sergeant Marques was *de minimis* and wholly necessary to

prevent the Plaintiff from interfering with the work of the other Defendants and

potentially inciting further an already volatile scenario. The only complacent party,

through the course of the evening, was Walter Zadrowski. The Plaintiff, in contrast,

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
{00533038.DOC} TELEPHONE (860) 525-5361                    FACSIMILE (860) 525-4849                    JURIS No. 24029

consistently screamed threats and profanity, directed at both the officers and her minor, intoxicated son. Her son required the attention of the remaining officer. In order to avoid further unnecessary confrontation, the Plaintiff was appropriately restrained.

Further, Plaintiff's claims against the remaining officers are without merit. A claim cannot stand against an individual for assault and battery where there is no contact or confrontation. In this case, only Sergeant Marques has been identified as the officer who restrained the Plaintiff. No other officer is alleged to have interacted with the Plaintiff in a manner so as to create an imminent apprehension of battery, or to have had "harmful or offensive contact" with her. As Sergeant Marques' actions have been shown to be reasonable and appropriate, and there is no evidence to suggest that the other Defendants had any substantive interaction with the Plaintiff, judgment must be granted in favor of the Defendants.

### iv.  False Imprisonment

"[F]alse imprisonment is the unlawful restraint by one person of the physical liberty of another." *Felix v. Hall-Brooke Sanitarium*, 140 Conn. 496, 499, 101 A.2d 500 (1953). False imprisonment is an intentional tort and therefore requires the state of mind of the tortfeasor to be estabslished. *Rivera v. Double A Transportation, Inc.*, 248 Conn.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
{00635848.DOC} (860) 525-5361          FACSIMILE (860) 525-4849          JURIS NO. 24029

21, 31, 727 A.2d 204 (1999). As has been established, Sgt. Marques lawfully restrained the Plaintiff in order to ensure that the Plaintiff did not have an opportunity to interject her raucous and volatile behavior into an already excited scenario. There was no intent to confine her, but merely to prevent fer from proceed down the driveway towards the other officers in her present state. No other officer participated in the restraint, therefore, there was no intent on the part of any other officer. Judge must be granted in favor of the Defendants.

### v.  Negligent Infliction of Emotional Distress

In order to prevail on a claim for negligent infliction of emotional distress, a plaintiff must show that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it was caused, might result in illness or bodily harm." *Montinieri v. Southern New England Telephone Co.*, 175 Conn. 337, 398 A.2d 1180, 1184 (1978).

In the context of negligent infliction claims against police officers, "unreasonable" is the equivalent of "unlawful".  See, e.g., *Silberberg v. Lynberg*, 186 F.Supp.2d 157 D.Conn.,2002.  Where the conduct of the officer at issue has been established to have been reasonable under the circumstances, plaintiff cannot maintain a negligent infliction claim.  See, e.g., *Rzayeva v. Foster*, 134 F.Supp. 2d 239 (D.Conn. 2001).

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976

{00635480.DOC} TELEPHONE (860) 525-5361                    FACSIMILE (860) 525-4849                    JURIS No. 24029

As has previously been stated, the Plaintiff cannot establish that the conduct of any of the Defendants was unlawful. Sergeant Marques was the sole individual to come into contact with the Plaintiff, and the other officers on scene were forty (40) feet or more away along a darkened driveway dealing with other issues and individuals. Sergeant Marques's conduct was not unreasonable, as it was not unlawful. Further, as the recovery against the other officers is predicated upon their knowledge or opportunity to intervene, the indisputable facts of this case establish that no unlawful or unreasonable act was committed by them due to their lack of knowledge or opportunity given the focus on Richard Bright. No recovery should be had on this claim.

### vi.   Intentional Infliction of Emotional Distress

The Plaintiff cannot establish the requisite elements of intentional infliction of emotional distress. The elements of a claim for intentional infliction of emotional distress are well settled. "For [a party] to prevail on a claim of intentional infliction of emotional distress, four elements must be established. It must be shown: (1) that the actor intended to distress emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the ... conduct was the cause of the [party's] distress; and (4) that the emotional distress sustained by the [party] was severe." *Petyan v. Ellis*, 200

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
{00693481.DOC}     (860) 525-5361                    FACSIMILE (860) 525-4849                    JURIS NO. 24029

Conn. 243, 253, 510 A.2d 1337 (1986). All four elements must be established to prevail on a claim for intentional infliction of emotional distress. *Reed v. Signode Corp.*, 652 F.Supp. 129, 137 (D.Conn.1986); *see also Muniz v. Kravis*, 59 Conn.App. 704, 708-709, 757 A.2d 1207 (2000). The Plaintiff cannot establish that the alleged conduct was extreme and outrageous and summary judgment must therefore enter.

Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. *Ancona v. Manafort Bros.*, *Inc.*, 56 Conn.App. 701, 712, 746 A.2d 184, cert. denied, 252 Conn. 954, 749 A.2d 1202 (2000). " 'Liability [for intentional infliction of emotional distress] has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous!' ... *Carrol v. Allstate Ins. Co.*, 262 Conn. 433, 443, 815 A.2d 119 (2003)." *Morrissey v. Yale University*, 268 Conn. 426, 428, 844 A.2d 853 (2004).

For all of the reasons discussed above in relation to the excessive force claim, the lawful use of force to restrain the Plaintiff does not rise to the level of "extreme and outrageous", as it does not shock the conscience. The Plaintiff attempts to paint a rosy

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976
{00635481.DOC} (860) 525-5361                           Facsimile (860) 525-4849                           Juris No. 24029

picture of her compliance , but the facts clearly establish that Richard Bright and Mary Zadrowski were intentionally being disruptive and abusive following the arrest of Walter Zadrowski.A reasonable officer, in observing the situation, was required to ensure that any attempt by the Plaintiff to interfere or interject in the ongoing arrest of Richard Bright should be stopped. Similarly, absent a finding that the other officers knew of the interaction between the Plaintiff and Sergeant Marques, and could and should have intervened, no liability should lie against them or the Town.

### c. Third Count

The Plaintiff's Third Count seeks to hold the Town of Plainville, and its Chief, liable for propogating policies which encouraged the failure to properly supervise and/or train its officers. It is well accepted that a municipality cannot be held liable under a theory of respondeat superior for its employees alleged violation of § 1983.  "[T]he language of § 1983 . . . compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.  In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.  *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
{00285848.DOC} (860) 525-5361          FACSIMILE (860) 525-4849          JURIS NO. 24029

(1977)." *Smolicz v. Borough/Town of Naugatuck*, 2006 WL 2085291, *10 (D.Conn. July 25, 2006). To prevail against a municipality under § 1983, a plaintiff must show: (1) the existence of a municipal policy or custom, and (2) a causal connection between the policy and the deprivation of his constitutional rights. *See, e.g., Sarus v. Rotundo,* 831 F.2d 397, 400 (2d Cir.1987).

While the Plaintiff has alleged that such policies exist, she is unable to identify any such policies. This is simply an alternative claim of negligence, which cannot serve as an "official policy or custom". A failure to train theory "requires that plaintiffs establish not only that the officials' purported failure to train occurred under circumstances that could constitute deliberate indifference, but also that plaintiffs identify a specific deficiency in the city's training program and establish that that deficiency is 'closely related to the ultimate injury,' such that it 'actually caused' the constitutional deprivation. *Amnesty America v. Town of West Hartford,* 361 F.3d 113, (2d Circuit 2004), *quoting City of Canton v. Harris*, 489 U.S. 378, 391 (1989). No evidence that there existed there was a deficient policy or custom. Plaintiff has presented no evidence of other incidents similar to the instant case to suggest that the alleged use of undue force was a standard practice of the Plainville Police Department. She has presented no evidence to show that the Town of Plainville encouraged or tacitly condoned the use of excessive force by its officers, nor has there been any evidence to show that the Chief was grossly

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
{00688648.1 MG}TELEPHONE (860) 525-5361     FACSIMILE (860) 525-4849     JURIS No. 24029

negligent in managing the defendant officers. Plaintiff has merely described the alleged conduct of the defendant officers and speculated that the conduct resulted from improper supervision.

Each of the officers of the Town of Plainville regularly undergoes training on the use of force. Each officer, prior to being hired by the Town of Plainville, is required to complete their training at the Connecticut Police Academy, which include classroom and field instruction on use of force and human relations. Upon certification as a police officer, each officer is required to complete forty (40) hours of training every three years. The use of force continuum is consistently referenced and emphasized in classes dealing with firearms, arrest procedures, human relations, police and the law, self-defense and practical police skills, among others.

In addition to the training required by the Plainville Police Department and administered to its officers by third parties, the Plainville Police Department also maintains an Operations Procedures Manual, which is supplemented by General Orders promulgated by the Office of the Chief periodically. General Order No. 13 expressly prohibits the use of excessive force. Further, General Order No. 13 is itself supplemented by General Order No. 25, which details the use of force continuum. Finally, periodic updates are submitted to all officers of the Plainville Police Department

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976

{00588085.DOC} Telephone (860) 525-5361                    Facsimile (860) 525-4849                    Juris No. 24029

alerting them to changes in the law on all issues which would affect how they are to complete their job.

Contrary to the Plaintiff's allegations, there was no failure to supervise or train officers having an opportunity to engage in the use of force or who have an opportunity to observe and intervene if necessary. Similarly, there is no failure to train officers in such a manner as is alleged. The Plainville Police Department maintains a policy against the use of force and reinforces that policy by way of periodic updates to its officers. Further, each officer is required to be trained by the Connecticut Police Academy and undergo training every three (3) years, which includes training relating to the use of force and public relations. There is no evidence to suggest that alternative training would have resulted in a different outcome. A claim cannot lie against the Chief or the Town on this basis.

### d. Fourth Count

The Plaintiff's Fourth Count, against all parties, merits no finding of liability as the Defendants are entitled to claim governmental immunity. Notwithstanding that defense, it is unlikely that the Plaintiff would be able to sustain her burden of proof regarding any breach of any duty by the Defendants.

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976
{00688480.DOC} (860) 525-5361                    Facsimile (860) 525-4849                    Juris No. 24029

"The [common law] doctrines that determine the tort liability of municipal employees are well established ... Generally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts ... Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature .. . In contrast, [m]inisterial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." <u>Martel v. Metropolitan District Comm'n</u>, 275 Conn. 38, 48-49 (2005) (internal citations and quotation marks omitted). "Municipal officials are immune from liability for negligence arising out of their discretionary acts in part because of the danger that a more expansive exposure to liability would cramp the exercise of official discretion beyond the limits desirable in our society. Discretionary act immunity reflects a value judgment that - despite injury to a member of the public - the broader interest in having government officers and employees free to exercise judgment and discretion in their official functions, unhampered by fear of second-guessing and retaliatory lawsuits, outweighs the benefits to be had from imposing liability for that injury. In contrast, municipal officers are not immune from liability for negligence arising out of their ministerial acts, defined as acts to be performed in a prescribed manner without the exercise of judgment or discretion. This is because society

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976

{TELEPHONE (860) 525-5361    FACSIMILE (860) 525-4849    JURIS NO. 24029

has no analogous interest in permitting municipal officers to exercise judgment in the performance of ministerial acts." Doe v. Peterson, 279 Conn. 607, 614~15 (2006) (internal citations and quotation marks omitted).

The Connecticut legislature codified the tort liability of municipalities in Conn. Gen. Stat. § 52-557n, which in subsection (a}(1) thereof states that "[e]xcept as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties ... " However, § 52-557n extends the same discretionary act immunity that applies to municipal officials to the municipalities themselves. Section 52~557n(a}(2}(B} states that municipalities will not be liable for "negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."

The Plaintiff has not alleged that any act was ministerial; rather, she claims that she falls within the exception to governmental immunity, in that she was an identifiable victim subject to imminent harm. The grounds for the Plaintiff's claims are unclear, and her theory is likely predicated upon the fact that the Defendant, Sergeant Richard Marques, was both the source of the imminent harm **and** the public official to whom it was known that she was subject to imminent harm. *See.* Doe v. Petersen, 279 Conn. 607, 616 (2006)

25

(Plaintiff must prove three elements to establish the identifiable person, imminent harm exception: (1) an imminent harm; (2) an identifiable victim; and (3) a public official to whom it is apparent that his or her conduct is likely to subject that victim to that harm). Plaintiff's own acts, in inviting the harm, do not make her an identifiable victim, as the Plaintiff was not subjected to any imminent harm prior to attempting to intervene in the officers' ongoing investigation and arrest. It was not foreseeable that the Plaintiff, the complainant, would attempt to bypass the Sergeant stationed at the end of the driveway in order to further subject the arresting officers and/or her son to additional abuse. Further, the conduct of the officers was objectively reasonable, and the Plaintiff does not satisfy the exception. Governmental immunity would apply.

The remaining officers did not have knowledge that MaryAnne was subject to any imminent harm. The Connecticut Supreme Court has articulated the policy underlying the exception as requiring that the harm be so imminent as to create a duty for the officer to act with due care. *See Fleming v. City of Bridgeport,* 284 Conn. 502, 533-35, 935 A.2d 126 (Conn.2007). In this case, the only evidence that exists provides that all officers were otherwise engaged during the alleged

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
{00333483.DOC} TELEPHONE (860) 525-5361                    FACSIMILE (860) 525-4849                    JURIS NO. 24029

incident and did not have knowledge of it, let alone an opportunity to intervene in a matter some distance away.

Similarly, in order for C.G.S. § 7-465 to apply, there must first be a finding that a municipal officer is subject to liability. Absent such a determination, no indemnification may be sought.

### III.    CONCLUSION

On the basis of the foregoing, summary judgment must enter in favor of the Defendant. There is no material issue of fact regarding the circumstances known to the responding officers on the night of the alleged incident and the situation in which they found themselves. As each officer acted reasonably with regard to the knowledge possessed by each, there can be no claim against these officers or the Town of Plainville.

{00633548.DOC}

DEFENDANTS:


BY _____
Russell N. Jarem/Fed. Bar No. ct27848
Gordon, Muir and Foley, LLP
10 Columbus Boulevard
Hartford, CT 06106
Tel: (860)525-5361/Fax: (860)525-4849
Email: rjarem@gmflaw.com


## CERTIFICATION


I hereby certify that on the 10th day of June, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system. Exhibit D to the Local Rule 56a(1) statement will be sent under separate cover by mail.


_____
RUSSELL N. JAREM
GORDON, MUIR & FOLEY, LLP

28