EXHIBIT I

{00564010.DOC}

## AFFIDAVIT OF CAPTAIN BRIAN MULLINS

I, Brian Mullins, hereby depose and state:

1) I am over eighteen (18) years of age, believe in the obligations of an oath and have personal knowledge of the matters set forth herein;

2) On or about October 27, 2008, I was employed by the Town of Plainville Police Department as a Lieutenant.

3) On October 27, 2008, I was the shift commander for the second shift, which was scheduled for 4:00 P.M. until 12:00 A.M.

4) On or about October 27, 2008, Richard Marques was employed by the Town of Plainville as a Sergeant.

5) On October 28, 2008, Sergeant Marques was the shift commander for the shift beginning at 12:00 A.M.

6) Prior to employment with the Town of Plainville Police Department as a police officer, all officers must complete training at the Connecticut Police Academy (the "Academy").

7) Training at the Academy includes, among other things, classroom and field training on the appropriate use of force, the use of force continuum, human relations, and practical police skills, each of which touches on the prohibition of the use of excessive force.

8) The Plainville Police Department maintains an express prohibition against the use of excessive force, which is included as General Order No. 13 in the Operations Procedures Manual. That prohibition is reinforced in General Order No. 25, regarding the use of Tasers and the use of force continuum.

9) Officers employed by the Town of Plainville are required to undergo recertification periodically, which includes approximately forty (40) hours of training every three years. The classes required of the officers reinforce the practical police procedures, which includes the prohibition on the use of excessive force.

10) Only officers who are properly certified are employed by the Town of Plainville.

11) Officers employed by the Town of Plainville are also provided periodic updates regarding the current status of the law and their duties as police officers, which includes updates on the appropriate use of force, when force may be utilized and the continuing prohibition on the use of excessive force.

12) On October 27, 2008, I was informed of a request for a police presence at 129 Shuttlemeadow Road in Plainville, CT. MaryAnne Zadrowski contacted the Plainville Police dispatcher requesting the presence of a supervisor at that location. Officers Arvai, Philips and Bisnov were already at that location.

13) Following my communication with Ms. Zadrowski, as well as communications with the officers on the scene, I determined that both Sergeant Marques and I would proceed to 129 Shuttlemeadow Road to attend to the situation.

14) At the time, I was aware that firearms might be present at the scene, that the civilians on scene were disruptive, that one of the civilians was potentially suicidal and that the presence of a supervisor may be necessary.

15) Sergeant Marques and I proceeded to 129 Shuttlemeadow Road.

16) When we arrived at the scene, Officer Bisnov was stationed at the road, approximately 100 feet from the house, under instruction to watch Walter Zadrowski, who was in a police vehicle parked on the street.

17) Sergeant Marques and I walked up a darkened driveway, towards the rear of the house. At this time, both MaryAnne Zadrowski and Richard Bright were screaming and yelling at the officers on scene.

18) Officers Arvai and Philips were attempting to calm down Richard Bright, who was yelling at the officers and at those individuals in the backyard.

19) I stopped to observe Richard and to aid those officers attempting to calm him down. Sergeant Marques proceeded to the rear of the house, where MaryAnne Zadrowski was yelling at the officers in profane language.

20) Richard Bright began to direct threats against Officer Arvai, and a decision was made to arrest Richard Bright.

21) Once he was arrested, I decided that Richard should be transported to the Plainville Police Department for booking prior to being transferred to a hospital for a medical evaluation. This decision caused a delay, as I need to observe his behavior and determine whether the Police Department had sufficient facilities to protect him while also weighing logistical considerations regarding staffing.

22) At no point during the arrest of Richard Bright did Richard Bright or MaryAnne Zadrowski cease yelling at the officers in profane language.

23) In the course of arresting Richard Bright, I momentarily glanced to my right and observed that MaryAnne Zadrowski had moved closer to the area where Richard Bright was being placed under arrested. It was at this time, I observed Sergeant Marques place his arm across her shoulder and it looked as if he was preventing

her from getting any closer. This occurred approximately 40 feet away from our location.

24) At the time of this incident, Officer Bisnov was on the street, Officer Arvai and Philips were handling Richard Bright, Officers Stephen Chase and Brian Cybulski were also present at the scene, observing the arrest of Richard Bright. I stood and kept my attention on observing the arrest while considering the alternatives on how to proceed.

25) At the time of the incident, both Richard Bright and MaryAnne Zadrowski were being verbally abusive, in a loud and profane manner, towards both the officers and each other. Further, Richard Bright was directing threats against officers. Separation of all parties was necessary in order to ensure the safety of all individuals.

                                                                     Captain Brian Mullins

Subscribed and sworn before me this 10th day of June, 2011.

Notary Public

{00640860.DOC}