UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARYANNE ZADROWSKI** | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:09-cv-1367 (MRK) |
| | : | |
| V. | : | TRIAL BY JURY |
| | : | |
| **TOWN OF PLAINVILLE, CHIEF DANIEL COPPINGER,** in his individual and official capacity; **LIEUTENANT BRIAN MULLINS,** in his individual and official capacity; **SERGEANT RICHARD MARQUES,** in his individual and official capacity; **OFFICER BRIAN CYBULSKI,** in his individual and official capacity; **OFFICER GREG ARVAI,** in his individual and official capacity; **OFFICER SHANE PHILLIPS,** in his individual and official capacity; **OFFICER MICHAEL BISNOV,** in his individual and official capacity | : : : : : : : : : : : : | |
| *Defendants* | : | SEPTEMBER 28, 2011 |

## LOCAL RULE 56(a)2 STATEMENT

The plaintiff, Maryanne Zadrowski, files the following statement in compliance with Local Rule 56(a)2 of the District of Connecticut in connection with her Opposition to Defendants' Motion for Summary Judgment.

1. Denied that the incident in question took place on October 27, 2009. In fact, it took place on October 27, 2008. **Exhibit E, Affidavit of Maryanne Zadrowski, at ¶ 2.** Otherwise admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted that Walter Zadrowski made an ironic offer of a rifle to Richard Bright, which was obviously not a serious offer, in order to call Richard's bluff, but denied to the extent that Walter Zadrowski intended to give a rifle to Richard Bright. **Exhibit A, Deposition of Walter Zadrowski, at pp. 22 – 25.**

10. Admitted.

11. Admitted that the plaintiff went to the Premises to pick up Richard Bright. Objection/Denied that Richard Bright "was left alone for approximately thirty minutes." Neither cited source states that Richard Bright was left alone. In fact, in the cited portion of Walter Zadrowski's deposition, Walter states that he knew Richard Bright's whereabouts during the 30 minute period. **Exhibit A, pp. 27-28.**

12. **Admitted** that plaintiff spoke with a Plainville Police dispatcher requesting that "someone" (not "an Officer") meet her at the gas station regarding her son. **Denied** that the plaintiff did not request an ambulance for her son. In fact, in the recording cited by the defendants, the plaintiff stated "I have my 19 year old son in car with me and he

told me that he is going to kill himself, he's drunk and he needs to go to hospital."

**Exhibit B, Recording of Plainville Police Dispatch, 27-Oct-2008 at 23:41:28.** The plaintiff asks the court to take judicial notice that it is typical for ambulances to take ill people to the hospital.

13. Admitted.

14. OBJECTION: whether the dispatcher informs the responding officers that weapons are present on the Premises is not proved or disproved by the cited recording, where such statement is not recorded, and is inadmissible hearsay.

15. OBJECTION: The statements within statements contained in this statement of alleged fact are hearsay within hearsay and inadmissible.

16. Admitted.

17. Admitted that the officers requested to speak with Walter Zadrowski, who was inside the home. Admitted that the police did not attempt to enter the home at the time that Walter Zadrowski was inside; otherwise, denied. **Exhibit C, Affidavit of Barbara Zadrowski, at ¶ 9 - 10.**

18. Admitted that the police officers asked the question of Walter Zadrowski. Denied that Walter Zadrowski admitted "attempt[ing] to provide a weapon to Richard Bright in response to a suicidal statement." **Exhibit A, Deposition of Walter Zadrowski, at, p. 33.**

19. Admitted.

20. Admitted that Maryann Zadrowski called the Plainville Police Department and made the quoted statement. **OBJECTION** as to the final sentence, "Contrary... that is exactly what happened," which is irrelevant, argumentative and untrue to the extent that the defendants claim that Walter Zadrowski gave a gun to Richard Bright.

21. Admitted.

22. Admitted.

23. **OBJECTION**: This statement does not identify which conversation "this conversation" is referring to. The statement also does not identify what actions of Mary Anne Zadrowski and others led Mullins and Marques to "elect[] to proceed to the scene."

24. Admitted.

25. Admitted that the plaintiff contacted the police department and made the statement in quotes. Denied that the "plaintiff contends that she did not use profanity until after she was choked." This is a mischaracterization of the plaintiff's statement in deposition, where she denies using profanity "against anyone" until after she was choked. **Exhibit D, Deposition of Maryanne Zadrowski, p. 51.** Even assuming that the defendants' purported characterization were true, it is unclear how the use of profanity, in general or "against anyone" justified Marques choking the plaintiff. **OBJECTION, as the final sentence is argumentative and irrelevant.**

26. Admitted that Maryanne Zadrowski walked down the driveway to meet

them. Denied that her words to them were "Did I not tell you ... no fucking lights." The cited recording gives no indication to whom such a statement was directed. Even if it were directed toward the officers, it does not justify choking. **OBJECTION: the statement of purported fact is irrelevant and prejudicial.**

27. **OBJECTION: this statement of purported fact is irrelevant and prejudicial.** Denied. **Exhibit D, Deposition of Maryanne Zadrowski, p. 51.**

28. Admitted that the officers arrested Richard Bright for the listed crimes.

29. Admitted.

30. **OBJECTION: this statement of purported fact is irrelevant and prejudicial.** Denied. **Exhibit D, Deposition of Maryanne Zadrowski, p. 51.**

31. Denied. Maryanne Zadrowski was not walking down the driveway toward any officers at the time that she was choked or "restrained." **Exhibit C, Affidavit of Barbara Zadrowski, at ¶ 15–17, 22, Exhibit E, Affidavit of Maryanne Zadrowski, at ¶ 11–14, Exhibit F, Affidavit of Joseph Bright, at ¶ 9–11, 16.** She also was not yelling or screaming profanities. **Exhibit D, Deposition of Maryanne Zadrowski, p. 51.**

32. Denied. **Exhibit C, Affidavit of Barbara Zadrowski, at ¶ 13–17.**

33. Denied that the plaintiff was approaching the arresting officers. **Exhibit C, Affidavit of Barbara Zadrowski, at ¶ 15–17, 22, Exhibit E, Affidavit of Maryanne Zadrowski, at ¶ 14, Exhibit F, Affidavit of Joseph Bright, at ¶ 9–11, 16.** Admitted that Mullins saw Sgt. Marques "restrain" the Plaintiff.

34. Denied. **OBJECTION: This is a legal conclusion and not a statement of fact, and is inappropriate for a statement of facts not in dispute.**

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

### DISPUTED ISSUES OF MATERIAL FACT

1. On October 27, 2008, Richard Bright, the son of Maryanne Zadrowski, was staying at 129 Shuttlemeadow Road with his uncle, Walter Zadrowski, and his grandmother, Barbara Zadrowski. **Exhibit C, Affidavit of Barbara Zadrowski, at ¶ 3.**

2. Richard Bright got into an argument with Walter Zadrowski about Richard coming back late and drunk with his friends, and, over the course of the argument, Richard Bright said that he would kill himself. **Exhibit A, Deposition of Walter Zadrowski, at pp. 18–22.**

3. Walter Zadrowski understood the comment as Richard "trying to get his goat." (i.e. making a melodramatic statement not as a serious threat to kill himself, but to make Walter feel badly for scolding him). **Exhibit A, Deposition of Walter Zadrowski, at 22.**

4. After Richard said that he should kill himself, Walter Zadrowski picked up

a gun he knew to be unloaded and said "Here you go," in an attempt to make Richard reconsider his statement about killing himself. Walter Zadrowski knew that the weapon was unloaded and could not harm Richard, and did not intend to actually turn it over to Richard. **Exhibit A, Deposition of Walter Zadrowski, at pp.22–25.**

5. Richard said "no" to Walter's gesture, Walter put the gun away, and the two left the garage together. **Exhibit A, Deposition of Walter Zadrowski, at p. 22.**

6. Walter Zadrowski then called Maryanne Zadrowski, Richard's mother, and described the argument to her. Maryanne came over to 129 Shuttlemeadow Road to talk to and see to her son. **Exhibit E, Affidavit of Maryanne Zadrowski, at ¶ 2.**

7. Maryanne Zadrowski called the Plainville Police Department because she wanted an ambulance sent to pick up Richard and take him to the hospital, because she feared for his safety and mental well-being. **Exhibit E, Affidavit of Maryanne Zadrowski, at ¶ 4.**

8. Officers Cybulski, Arvai, Bisnov and Phillips from the Plainville Police Department responded to Maryanne Zadrowski's first call. **Exhibit E, Affidavit of Maryanne Zadrowski, at ¶ 5.**

9. Instead of focus on getting Richard Bright to treatment, the officers were argumentative and aggressive and were fixated on Walter Zadrowski and his ownership of firearms. **Exhibit C, Affidavit of Barbara Zadrowski, at ¶ 25; Exhibit E, Affidavit of Maryanne Zadrowski, at ¶ 7.**

10. Walter Zadrowski remained calm and cooperated with officers, even as one officer interrogating him was yelled and spit was flying from his mouth as he screamed. **Exhibit C, Affidavit of Barbara Zadrowski, at ¶ 6-7.**

11. Officers arrested Walter Zadrowski, who did not resist arrest and remained calm during the arrest. **Exhibit C, Affidavit of Barbara Zadrowski, at ¶ 7.**

12. Both Barbara Zadrowski and Maryanne Zadrowski asked the officers present why Walter Zadrowski was under arrest, but the officers present did not provide any answer. **Exhibit C, Affidavit of Barbara Zadrowski, at ¶ 8; Exhibit E, Affidavit of Maryanne Zadrowski, at ¶ 9.**

13. Maryanne Zadrowski became upset that her brother had been placed under arrest and that the officers were not attending to her son, for whom she called the police. She then called the Plainville Police Department to complain about the situation and request a supervisor at the scene. **Exhibit E, Affidavit of Maryanne Zadrowski, at ¶ 8.**

14. About 15 minutes later, Lieutenant Brian Mullins and Sergeant Richard Marques arrived at the scene. The officers then arrested Richard Bright. **Exhibit E, Affidavit of Maryanne Zadrowski, at ¶ 10.**

15. Maryanne Zadrowski walked away from the officers toward the back of the driveway. **Exhibit C, Affidavit of Barbara Zadrowski, at ¶ 15; Exhibit E, Affidavit of Maryanne Zadrowski, at ¶ 14; Exhibit F, Affidavit of Joseph Bright, at ¶ 9.**

16. Sergeant Marques, who was behind Maryanne Zadrowski, asked Maryanne what she was doing as she took out her cell phone. Maryanne Zadrowski announced that she was going to call her attorney. **Exhibit C, Affidavit of Barbara Zadrowski, at ¶ 16; Exhibit E, Affidavit of Maryanne Zadrowski, at ¶ 11; Exhibit F, Affidavit of Joseph Bright, at ¶ 9.**

17. Sergeant Marques then ran up behind Maryanne Zadrowski, without warning, placed her in a violent chokehold with his right forearm drawn tightly around her neck, twisted her arm behind her back, pulled back with his forearm to the point that Maryanne Zadrowski had difficulty breathing and could not scream for help, and loudly and angrily declared "You're not going to fucking call anyone." **Exhibit C, Affidavit of Barbara Zadrowski, at ¶ 17, Exhibit E, Affidavit of Maryanne Zadrowski, at ¶ 12, Exhibit F, Affidavit of Joseph Bright, at ¶ 11.**

18. Sergeant Marques attempted to grab the cell phone from Maryanne Zadrowski, but Maryanne managed to hand the phone off to her mother, Barbara. **Exhibit C, Affidavit of Barbara Zadrowski, at ¶ 18; Exhibit F, Affidavit of Joseph Bright, at ¶ 12.**

19. Sergeant Marques was angered when Maryanne Zadrowski gave the cell phone to Barbara and pulled tighter on Maryanne's neck, causing Maryanne to make a strangled sound. **Exhibit C, Affidavit of Barbara Zadrowski, at ¶ 19.**

20. Several seconds after Sergeant Marques began to strangle Maryanne

Zadrowski for calling her attorney, he released her. **Exhibit C, Affidavit of Barbara Zadrowski, at ¶ 20; Exhibit E, Affidavit of Maryanne Zadrowski, at ¶ 19.**

21. Maryanne Zadrowski did not threaten any harm to the officers present or any other person or adopt any physically aggressive stance toward any person. **Exhibit C, Affidavit of Barbara Zadrowski, at ¶ 21; Exhibit E, Affidavit of Maryanne Zadrowski, at ¶ 13; Exhibit F, Affidavit of Joseph Bright, at ¶ 16.**

22. Maryanne Zadrowski did not interfere or attempt to interfere with any officers during their presence at 129 Shuttlemeadow Road, and was not approaching any officer when she was choked. **Exhibit C, Affidavit of Barbara Zadrowski, at ¶ 22; Exhibit E, Affidavit of Maryanne Zadrowski, at ¶ 13–15; Exhibit F, Affidavit of Joseph Bright, at ¶ 16**.

23. Maryanne Zadrowski was not under arrest or under suspicion of committing any crime at the time she was choked by Sergeant Marques. **Exhibit E, Affidavit of Maryanne Zadrowski, at ¶ 16.**

24. At least two officers were looking in the direction of Sergeant Marques and Maryanne Zadrowski as Marques choked her, but did and said nothing in an attempt to stop Marques. **Exhibit C, Affidavit of Barbara Zadrowski, at ¶ 24; Exhibit E, Affidavit of Maryanne Zadrowski, at ¶ 17–18; Exhibit F, Affidavit of Joseph Bright, at ¶ 13.**

25. In response to interrogatories from the plaintiff, defendants could not

identify any policy, procedure or training course which would train the defendant officers on the affirmative duty of officers to intervene to prevent the violation of a citizen's civil rights. **Exhibit G, Affidavit of Captain Brian Mullins, ¶ 7–11.**

                                        PLAINTIFF,

                                 BY **/s/ A. Paul Spinella**
                                    **A. Paul Spinella, Esq.**
                                    **Spinella & Associates**
                                    **One Lewis Street**
                                    **Hartford, CT 06103**
                                    **Telephone:  (860) 728-4900**
                                    **Fax:  (860) 728-4909**
                                    **Federal Bar #: ct00078**
                                    **E-mail: spinella_law@yahoo.com**

## CERTIFICATION

I HEREBY CERTIFY that on September 28, 2011, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


/s/ A. Paul Spinella
A. Paul Spinella, Esq.,
Federal Bar #: ct00078