## **PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS**

1. Do you or any close friend or family member work for a Police Department? If Yes, which one, and do you feel because of this that you would have a tendency to favor the police department in some way over an individual such as the plaintiff? If yes, would you be able to put this tendency aside and base your finding solely in the law and the evidence in this particular case?

2. Do you have any problem with the concept of the plaintiff, who alleges that she have been harmed by the wrongful conduct of another party, coming to court and seeking monetary redress to compensate then for the harm they allege occurred to them? If yes, please explain.

3. Would you have any problem, if the evidence required you to do so, awarding enough monetary damages to the plaintiffs to fully compensate them for all the damages, if any, which you find that they have suffered, due to the defendants' alleged wrongful conduct, based on the evidence? If yes, explain why. Regardless, would you be able to put this predisposition aside and award such damages if required by the law and evidence? If no, explain why not.

4. Do you have any problems with the concept of damages being awarded for emotional distress suffered by the plaintiffs; in other words, if the evidence required you to award damages to compensate the plaintiffs for emotional suffering that they experienced in this case in an amount additional to any monetary damages for physical injury or property damage which

          they might be entitled, are you opposed to the concept, as a general rule, of awarding damages for such emotional distress? If yes, explain why. Would you be able to put this predisposition aside and award such damages if required by the law and evidence?

5. Punitive damages are being sought by the plaintiff in this case, which are damages that are awarded only if intentional or willful conduct on the part of the defendant is found based on the evidence to have caused injury to the plaintiff. Do you have a problem with the concept of awarding of such punitive damages if the evidence warrants such an award? If yes, explain why. Would you be able to put this predisposition aside and award such damages if required by the law and evidence?

6. What newspapers do you read the most? What are two others?

7. Have you ever written a Letter to the Editor of a newspaper? How many? What was the general topic?

8. This case involves an alleged police misconduct. Have you or anyone else to you ever had a police misconduct experience in which personal injuries resulted? If yes, please describe.

9. The plaintiff in this case alleges personal injuries resulting from police misconduct. Do you think that the injury or impairment that you have mentioned experiencing will affect your ability in any way to evaluate the present case fairly? Please explain.

10. This case involves plaintiffs who claim that their home was searched in an unreasonable manner, and that the police acted unreasonably in treating them and their belongings. What

are your feelings about how police should act when they are in someone's home searching through the belongings of others who are presumed innocent under our laws?

11. Have you or anyone close to you ever been falsely accused of a crime in which the police were called to investigate? If yes, describe.

12. Do you have any close friends or family members who work for a municipality? If yes, which municipality, and would you be able to put this tendency aside and base your finding solely in the law and the evidence in this particular case?

13. Would you have any problems with requiring a municipality to pay damages if justified? If yes, would you be able to put this tendency aside and base your finding solely in the law and the evidence in this particular case?

14. The plaintiffs in this case are black and the defendant police officers are white. Would this fact alone make you think one way or another how the officers should act and would this fact alone affect your interpretation of what type of conduct is reasonable?

**THE PLAINTIFF**

/s/ A. Paul Spinella
A. Paul Spinella, Esq.
Spinella & Associates
One Lewis Street
Hartford, CT 06103
860.728.4900 - Tel
860.728.4909 - Fax
attorneys@spinella-law.com
Federal Bar: ct00078