## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

The Plaintiff respectfully requests the Court to charge the jury as follows:

1.  The law to be applied in this case is the federal civil rights law which provides a remedy for individuals (or other entities) who have been deprived of their constitutional (or statutory) rights under color of state law, Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom of usage of any State or Territory of the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2.  Section 1983 creates a remedy for persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. Before Section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. In enacting the Statute, Congress intended to create a remedy as broad as the protection provided by the fourteenth amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be

available in state courts.

    3.  **Excessive Force Charge.**  The plaintiff claims that the defendants violated his constitutional right not to be subjected to the use of excessive force by a police officer. To prove this claim, the plaintiff must prove:

    (i)    that the defendant was acting under color of state law,

    (ii)    that the defendants engaged in actions that deprived the plaintiff of his constitutional right not to be subjected to use of excessive force, and

    (iii)    that the defendants' acts were the proximate cause of the injuries or losses claimed by the plaintiff.

The first element, acting under color of state law, is not in dispute. Police officers get their authority under state law, so they are acting under color of state law when they act in their capacity as police officers.

The second element requires more explanation. The Fourth Amendment to the United States Constitution guarantees people the right not to be unreasonably seized by government officials, including police officers. This right is violated if a police officer subjects a person to excessive force. The right of a police officer to stop and arrest a person necessarily carries with it the right to use some degree of physical coercion or contact to effect the arrest. This does not mean, however, that the officer may use excessive amounts of force.

Force is excessive, and use of such force constitutes a violation of a person's rights under the fourth amendment, if the amount of force used would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the exact time that the police officer used such force. The test is not whether the defendants thought the use of force was reasonable, but rather it is an objective standard: would a reasonably competent police officer consider the use of such amount of force under the circumstances at the time the force was used?

Applying this standard requires careful attention to the facts and circumstances of the case, including the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the officer or others, and whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20-20 vision of hindsight. Not every push or shove, even if it may later seem unnecessary in the peace of the courtroom, violates the fourth amendment. Your assessment of reasonableness must allow for the fact that the police officer may have had to make a split-second judgment concerning the amount of force that was necessary in circumstances that were tense, uncertain and rapidly evolving.

The issue is whether the force used was reasonable, not the officer's intent or

frame of mind. An officer's bad intentions or hostile frame of mind toward the plaintiff will not make a fourth amendment violation out of the use of force that is a reasonable amount of force under the circumstances. An officer's good intentions will not make constitutional what is, in fact, an unreasonable use of force.

In this case, the plaintiff claims that the officer used deadly force. "Deadly physical force" is "physical force that can be reasonably expected to cause death or serious physical injury." Conn. Gen. Stat. § 53a-3(9). A police officer can use deadly physical force only when a suspect poses a significant threat of death or serious physical injury to the officer or others. *Nimely v. City of New York*, 414 F.3d 381, 390 (2d Cir. 2005); *see also Tennessee v. Garner*, 471 U.S. 1, 11 (1985) ("Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so"). The Fourth Amendment also requires that a police officer must give warning of his or her intent to use deadly physical force when feasible to do so. Conn. Gen. Stat. § 53a-3(9); *see also Tennessee v. Garner*, 471 U.S. 1, 11 (1985). The standard is that a police officer may use deadly force in two circumstances. The first is if he reasonably believes that such force is necessary to defend himself from the actual use or imminent use of deadly physical force. The second is to prevent the escape of a felony suspect if the officer has probable cause to believe that the suspect poses a threat of serious

physical harm either to the officer or to others.

It is these constitutional standards, rather than the text of any state statute or any departmental regulation, that should govern your consideration of this claim. You are simply to determine what the situation was at the time the defendant used force, and whether a reasonably competent police officer would not have used such force under the circumstances at the time.

The third element that the plaintiff must establish is that the defendant's use of force was the proximate cause of the injuries or losses that the plaintiff sustained. An injury or loss is proximately caused by an action if that action was a substantial factor in bringing about the injury or the loss. The injury or loss must also be either a direct result or a reasonably probable consequence of the act of the defendant. In other words, the plaintiff must satisfy you that his injuries or losses were the natural and probable consequence of the defendant's acts, and that the defendant ought to have foreseen that injury or loss was likely to result from such acts.

4.  **Intent.**  It is not necessary to find that any Defendant had any specific intent to deprive the Plaintiff of his civil rights in order to find in favor of the Plaintiff. The Plaintiff is entitled to relief if the Defendant intended the actions which resulted in the violation of the Plaintiff's rights. Stengel v. Belcher, 522 F. 2d 438 (6th Cir. 1975).

5.  **Testimony by Police.**  The testimony of a police officer is entitled to no

special or exclusive sanctity.  An officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does and in the case of police officers you should not believe them merely because they are so employed.  You should recall their demeanor on the stand, their manner or testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.  People employed by the government do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight. Wright & Hovanich, Connecticut Jury Instructions (2d Ed) Section 667;  Borden & Orland, Connecticut Criminal Jury Instructions, Section 3.11, their status as government employees.

      6.      When two or more persons or entities unite in an act which constitutes a wrong to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants. The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another.  Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the Plaintiff in a total sum as damages.  All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify

and adopt his acts for their benefit, are equally liable with him.  Express agreement is not necessary and all that is required is that there should be a common designer understanding, even though it be a tacit one.  Prosser, Law of Torts, Section 46, pp. 291-95 (4th ed. 1971).  Gagnon v. Ball, 696 F. 2d 17 (2d Cir. 1982).

    7.    **Duty to Intercede.**  The plaintiff also claims that the defendant officers violated her constitutional rights because they failed in the duty to protect her from the use of excessive force.  A police officer has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by another officer.  An officer who is present and fails to intercede to prevent another law enforcement officer from infringing the constitutional rights of a citizen is liable under § 1983.  To prove this claim, the plaintiff must prove show that the defendants had reason to know (1) that excessive force was being used, (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and 3) the defendants did not take reasonable steps to intervene. *Ricciuti v. N.Y. City Transit Auth.*, 124 F.3d 123, 129 (2d Cir. 1997); *O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988); *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1992).  If you find that the plaintiff has proven each of these, then you can consider the issue of damages.

    8.    **Damages.**  Damages in a section 1983 action are a vital component for indicating cherished constitutional guarantees.  Section 1983 damages are intended not

only to provide compensation for the victims of past abuses, but also to serve as a deterrent against future constitutional deprivations. When a Section 1983 claimant has demonstrated a violation of federal constitutional rights, nominal actual and punitive damages may be awarded.  Nominal damages are normally awarded to those who suffered a violation of rights but are unable to demonstrate measurable monetary damage.  Actual damages encompass special damages, which are designed to provide compensation for such out-of-pocket losses as medical expenses, loss of wages and other earnings, but lost future earnings, and general damages, which are intended to compensate for pain and suffering and emotional and mental distress.  While mental and emotional distress may be hard to quantify, they are clearly compensable.  They include damages for injuries resulting from stigmatization, invasion of privacy, interference with personal development, and interference with . . . freedom of association . . ., as well as mental and emotional distress, anxiety, embarrassment, nervousness, humiliation, and injury to reputation and dignity.

    9.    **Punitive Damages.**  Punitive damages are awarded when it is necessary to punish or deter an official who has been engaged in egregious behavior.  <u>Guzman v. Western State Bank</u>, 540 F.2d 948, 953 (8th Cir. 1976); <u>Baskin v. Parker</u>, 602 F. 2d 1205, 1209 (5th Cir. 1979); <u>Carey v. Piphus</u>, 435 U.S. 247, 266 (1978); <u>Smith v. Wade</u>, 102 S. Ct. 1625 (1983).  See Section 14.13; <u>Paton v. LaPrade</u>, 524 F. 2d 862, 871 (3d

Cir. 1975); Halperin v. Kissinger, 606 F. 2d 1192, 1207 (D.C. Cir. 1979); Brandon v. Allen, 719 F2d 151, 154-55 (6th Cir. 1983), rev'd and remanded on other grounds sub nom.; Brandon v. Holt, 105 S.Ct. 873 (1985); Corriz v. Noranjo, 667 F.2d 893, 897-98 (19th Cir. 1981) cert. dismissed 458 U.S. 1123 (1982); Keyes v. Lauga, 635 F.2d 330, 336 (5th Cir. 1981); Merrero v. City of Hialeah, 625 F. 2d 499, 513-14 (5th Cir. 1980); Rashkind v. Marrero, 450 U.S. 913 (1981); Halperin v. Kissinger, 606 F. 2d 1192, 1208 (D.C. Cir. 1979), aff'd in party by equally divided Court & Cert. dismissed in part, 452 U.S. 713 (1981); Konczak v. Tyrell, 603 F. 2d 13, 17 (7th Cir. 1979); Joan W. v. Chicago, 771 F. 2d 1010, 1023-24 (7th Cir. 1985).

  10. In a case like this one, you may consider whether acts or omissions of a Defendant, if you find them to have been proved, were so serious that the Defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct.  Whether you decide to award any punitive damages should be based on whether you find that the Defendant engaged in any one of the following things:

   a. Willful or malicious violations of the Plaintiff's constitutional rights;

   b. An intentional act by the Defendant in gross disregard of the Plaintiff's rights;

   c. Reckless disregard by the Defendant of whether or not he was violating the Plaintiff's rights.

If you find any of these three things to have been proven, then you should award punitive damages. Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F. 2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F. 2d 907 (2d Cir. 1983).

11.     An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The Plaintiff has the burden of proving, by a preponderance of the evidence, that the Defendant acted maliciously or wantonly with regard to the Plaintiff's rights.

An intent to injure exists when the Defendant has a conscious desire to violate federal rights of which he is aware, or when the Defendant has a conscious desire to injure the Plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused the Plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that the Defendant has a conscious desire to violate rights or injury the Plaintiff unlawfully.

12.     If you find by a preponderance of the evidence that the Defendants acted with malicious intent to violate the Plaintiff's federal rights or unlawfully injure him or if you find that the Defendants acted with a callous or reckless disregard of the Plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are

satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a Defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the Defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent these Defendants from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the Defendants may have committed.

13. If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the Defendants should be punished for wrongful conduct, and the degree to which an award of one sum or another will deter the Defendants or persons

like them from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a Defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the Defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against any Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

14. In considering the financial resources of the Defendant, you may take into account the fact that the Town of Plainville intends to reimburse the individual Defendants for any punitive damage award that you as the jury may assess against them. Perrin v. Anderson, 784 F. 2d. 1040, 1048 (1986); Zarcone v. Perry, 572 F. 2d (2nd Cir. 1978).

**State Law claims**

15. I have now concluded my instructions to you on the applicable federal law which you must apply to the Plaintiff's constitutional claim.

The Plaintiff has also brought claims against the Defendants that arise under the laws of the State of Connecticut. I will now instruct you on the Plaintiff's state law claims. Although I will be instructing you as to Connecticut law, it is also my instruction to you that should you find that the Defendants violated the Plaintiff's rights under the

United States Constitution and federal law, you may proceed to award the Plaintiff damages without regard to whether the Defendants violated Connecticut law.

Some of which I say may seem similar to what I have already told you about the federal law applicable to this case, but there are some important differences.

16. The Plaintiff has alleged that: one or more of the Defendants acted or failed to act negligently, or committed assault and battery, or committed willful misconduct in one or more of the ways alleged in the Complaint, and that, as to each Defendants, such conduct caused the Plaintiff's injures and losses.

17. The fundamental rule and principle as to damages is that the amount awarded should be just, fair and reasonable compensation, there is no mathematical formula other than human experience. You are to exercise your best judgment as to what is fair and just compensation. Wright and Daly, Connecticut Jury Instructions, 3rd Ed. Vol. I, Section 226c (1981).

If the Plaintiff has proven by a fair preponderance of the evidence any of the state law claims alleged in his complaint, then the Plaintiff is entitled to recover compensatory damages.

18. Compensatory damages should equal all of the specific monetary damages suffered by the Plaintiff because of the Defendant's wrongful act. Mourison v. Hanse, 128 Conn. Gorham v. Farmington Motor Inn, 159 Conn. 576 (1970).

Specific monetary damagers would include expenses such as:

The physical harm to the Plaintiff during and after the impairment or injury received, including ill health, physical pain, disability, disfigurement, discomfort, pain or suffering which the Plaintiff suffered in the past or which he might, with reasonable certainty, suffer in the future;

The emotional harm to the Plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the Plaintiff in the past suffered or may with reasonable certainty suffer in the future;

The reasonable expense of medical treatment and services required and received by the Plaintiff in connection with his physical or emotional injury and the extent and duration of the injury, including continuation of medical treatment in the future;

Lost wages or earnings and the reduction or impairment of future earning capacity; Economic loss caused by damage to or destruction of property of any kind; Injury caused by the deprivation of the Plaintiff's constitutional rights.

19. **Intentional Infliction of Emotional Distress.** To recover for intentional infliction of emotional distress, the Plaintiff must establish the following four elements: (1) the defendant officers intended to inflict emotional distress or knew or should have known that emotional distress was a likely result of their conduct; (2) the conduct was

extreme and outrageous; (3) the defendants' conduct was the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was severe. Koehler v. Cheseborough-Ponds, Inc., 705 F. Supp. 721, 724 (D. Conn. 1988); Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986).

If you find that the Plaintiff has established these elements, then you should award damages for the Plaintiff's emotional distress.

20.     **Battery.**  To recover for a battery, the Plaintiff must prove the following: an intentional, offensive bodily contact. State v. Timney, 2 Conn. Cir. 644, 204 A.2d 417 (1964). The intent required for a battery is not necessarily an intent to injury the plaintiff; rather, the only intent necessary is the intent to make the contact. Sansone v. Bechtel, 180 Conn. 96, 429 A.2d 820 (1980).

If you find that the Plaintiff has proven these elements, then you should award damages to the Plaintiff for the battery.

21.     **Assault.**  An assault is a physical act of a threatening nature, which puts an individual in reasonable fear of imminent bodily harm. Restatement (Second) of Torts §21. To determine whether the Plaintiff had a reasonable fear of harm, you should determine that the harm was reasonable under the circumstances and Plaintiff, in fact, felt apprehension. Restatement (Second) of Torts §27. If you find that the Plaintiff has proven these elements, then you should award damages to the Plaintiff for

the assault.

22.     **Negligent Infliction of Emotional Distress.**   There are three elements that the plaintiff must prove for a finding of negligent infliction of emotional distress: 1) the defendant engaged in conduct that the defendant should have realized involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily injury; 2) that the conduct caused emotional distress to the plaintiff; and 3) the distress was of such a nature as might result in illness or bodily harm.

As to the first element, that is, that the defendant engaged in conduct that the defendant should have realized involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily injury, the plaintiff need not prove that the defendant intended to cause any harm or distress to the plaintiff but only that the defendant should have known that it was likely that a reasonable person under the circumstances would be distressed by the conduct and that that distress might result in illness or bodily injury.  As to the second and third elements, you must determine whether the plaintiff actually experienced fear or distress, and if so, whether the fear or distress experienced by the plaintiff was reasonable in light of the conduct of the defendant.  If you find that it was reasonable for the plaintiff to experience distress in light of the conduct of the defendant, then the plaintiff is entitled

to prevail and you can go on to consider damages. Conversely, if any distress experienced by the plaintiff was unreasonable in light of the defendant's conduct, then you cannot find in favor of the plaintiff on this count and you must return a verdict for the defendant. *Larobina v. McDonald*, 274 Conn. 394, 410 (2005); *Carrol v. Allstate Ins. Co.*, 262 Conn. 433, 446-47 (2003); Restatement (Second) of Torts, § 313 (2007).

23. **Town of Plainville.** The plaintiff also claims that the Town of Plainville is liable damages to him for the negligent acts committed by the Defendant officers, under Connecticut General Statute § 52-557n. In order to prove this claim, the plaintiff must prove: i) that the Defendant officers were acting within the scope of their employment or official duties as police officers of the Town of Plainville, and ii) that their negligent acts caused the plaintiff's injuries. If you find that the plaintiff has shown both elements, then the plaintiff is entitled to prevail and you can go on to consider damages.