**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MARYANNE ZADROWSKI | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:09-CV-1367 (DJS) |
| | : | |
| VS. | : | |
| | : | |
| TOWN OF PLAINVILLE, ET AL.. | : | |
| | : | |
| Defendants | : | |
| | : | DECEMBER 9, 2013 |
| | : | |

## DEFENDANT'S PROPOSED JURY CHARGES

**Excessive Force**

Federal law provides that plaintiff may recover damages if the Police Officers, acting under color of law, deprived him of a right guaranteed by the Constitution. The right at stake here is the right to be free from the use of excessive force. The parties have agreed that the Police Officers acted "under color" of law. The only issue for you, therefore, is the issue of excessive force.

**(1) Definition of Excessive Force**

Every person has the constitutional right not to be subjected to unreasonable or excessive force by a law enforcement officer. On the other hand, in apprehending a suspect and making an arrest, an officer has the right to use such force as a reasonable

officer would believe is necessary under the circumstances to apprehend the suspect and make the arrest. Whether or not the force used was unnecessary, unreasonable or excessively violent is an issue for you to decide on the basis of that degree of force that a reasonable and prudent law enforcement officer would have applied under the same circumstances disclosed in this case. The test of reasonableness requires careful attention to the facts and circumstances including, but not limited to, the severity of the crime the officer was investigating or crime for which the arrest was made, etc; whether plaintiff posed an immediate threat to the safety of the officer or others; whether he was actively resisting the arrest or fleeing; and the severity of any injury to him.

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. With respect to a claim of excessive force, the standard of reasonableness at that moment applies. Not every push or shove, even if it may later seem unnecessary, violates the Constitution. The determination of reasonableness must allow for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain and rapidly evolving—about the amount of force that is necessary in a particular situation.

The "reasonableness" inquiry is an objective one. The question is whether an officer's actions are "objectively reasonable" in light of all the facts and circumstances confronting him, without regard to his underlying intent or motivation. Evil intentions will not make a constitutional violation out of an objectively reasonable use of force; and good intentions will not make an unreasonable use of force proper.

### (2) Elements of the Plaintiff's Federal Claim

In order to prove her claim of unconstitutionally excessive force, plaintiff must prove by a preponderance of the evidence the following:

That the Police Officer intentionally, rather than negligently, used unconstitutionally excessive force as I have defined it. However, it is not necessary to find that the Police Officer had any specific purpose or desire to deprive plaintiff of her constitutional rights in order to find in favor of plaintiff. Plaintiff must prove only that the action was deliberate, not that the consequence was intended. Mere negligence, however, is not sufficient. Plaintiff is entitled to relief if the Police Officer intentionally acted in a manner that resulted in a violation of Plaintiff's constitutional rights.

**Excessive Force—Compensatory Damages**

If you find that the Police Officers used excessive force against plaintiff, and thereby caused damages to him, you will then assess an amount you find to be justified by a preponderance of the evidence as fair, just and reasonable compensation for all plaintiff's damages caused by that conduct. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the Police Officers. You may award only such damages as you find by a preponderance of the evidence were caused by unconstitutionally excessive force as I have defined it. It is not necessary for plaintiff to prove the amount of her damages with certainty. On the other hand, plaintiff is not to be awarded purely speculative damages. {If you should award damages, they will not be subject to federal or state income taxes, and you should therefore not consider such taxes in determining the amount of damages.}

Plaintiff has the duty to mitigate her damages—that is, to take reasonable steps that would reduce the damages. If he fails to do so, then he is not entitled to recover any damages that he could reasonably have avoided incurring. The Police Officers has the burden of proving by a preponderance of the evidence that plaintiff failed to take such reasonable steps.}

If you find that plaintiff is entitled to damages for losses that will occur in the future, you will have to reduce this amount, whatever it may be, to its present worth. The reason for this is that a sum of money that is received today is worth more than the same money paid out in installments over a period of time since a lump sum today, such as any amount you might award in your verdict, can be invested and earn interest in the years ahead.

You have heard testimony concerning the likelihood of future inflation and what rate of interest any lump sum could return. In determining the present lump sum value of any future earnings you conclude Plaintiff has lost or future damages Plaintiff will suffer, you should consider only a rate of interest based on the best and safest investments, not the general stock market, and you may set off against it a reasonable rate of inflation. The elements of damages that you may consider are as follows:

1.      Reasonable medical expenses incurred by plaintiff in securing treatment for injuries caused by the Police Officer's conduct.

2.      An amount for any pain and suffering, emotional distress and humiliation that you find from the evidence plaintiff endured or will endure as a result of the excessive force. Even though it is obviously

difficult to establish a standard of measurement for this element, that difficulty is not grounds for denying recovery. You must, therefore, make the best and most reasonable estimate you can, not from a personal point of view but from a fair and impartial point of view of the amount of pain and suffering, emotional distress and humiliation that plaintiff incurred or will incur as a result of the excessive force and you must place a money value on this, attempting to come to a conclusion that will be fair and just to the parties. This will be difficult for you to measure in terms of dollars and cents, but there is no other rule I can give you for assessing this element of damages.

3.      If you find that plaintiff has proven by a preponderance of the evidence that the Police Officer violated her constitutional rights but that she has not proven any actual injury caused by the violation, you must nevertheless award plaintiff nominal or token damages such as One Dollar ($1) or some other minimal amount. This is so because the law recognizes that the denial of constitutional rights is itself an injury that should be recognized without regard to whether actual damages have been proven.

**Excessive Force—Punitive Damages**

If you have awarded compensatory or nominal damages, you may also award punitive damages to plaintiff under some circumstances. To obtain punitive damages, Plaintiff must prove by a preponderance of the evidence that the Police Officer either knew that his actions violated federal law or acted in reckless or callous indifference to that risk. If plaintiff satisfies this requirement, it is entirely up to you whether or not to award punitive damages. But it should be presumed that plaintiff has been made whole by compensatory damages, so you should award punitive damages only if the Police Officers' culpability is so reprehensible as to warrant further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the amount to be awarded is also within your sound discretion. The purpose of a punitive damage award is to punish a Police Officer or deter a Police Officer and others from similar conduct in the future. Factors you may consider include, but are not limited to, the nature of the Police Officer's conduct (how reprehensible or blameworthy was it), the impact of that conduct on Plaintiff, the ratio between the actual compensatory damages and the punitive damages, the relationship between Plaintiff and the Police Officer, the likelihood that the Police Officer or others would repeat the conduct if the punitive award is not made, and any other circumstances shown by the evidence, including any mitigating or extenuating

circumstances that bear on the question of the size of such an award. You may determine reprehensibility by considering the nature and extent of the harm; whether the conduct showed indifference to or disregard for the health or safety of others; whether the conduct involved repeated actions or was an isolated instance; and whether the harm was the result of intentional malice.

## STATE LAW CLAIMS

### Assault

The plaintiff alleges that the conduct of the defendant constituted an assault. An assault is an act that causes another person to be placed in imminent apprehension of a harmful or offensive contact with that person.The plaintiff must have believed that the act would result in imminent contact unless prevented by self-defensive action or flight or the intervention of some outside force. A harmful contact is one that causes physical impairment of the condition of another's body, physical pain, or illness.  An offensive contact is one that offends a reasonable sense of personal dignity.The act must be done by the defendant intentionally, wantonly, or without the exercise of due care.

<u>Authority</u>

*Sansone v. Bechtel*, 180 Conn. 96, 99 (1980); 2 Restatement (Second), Torts §§ 15, 19, 21, 24 (1965).

**Battery**

The plaintiff alleges that the conduct of the defendant constituted a battery. A battery is a harmful or offensive contact with the person of another. A harmful contact is one that causes physical impairment of the condition of another's body, physical pain, or illness. An offensive contact is one that offends a reasonable sense of personal dignity. The contact must be the direct and immediate consequence of a force exerted by the defendant intentionally, wantonly, or without the exercise of due care.

### *Authority*

*Sansone v. Bechtel*, 180 Conn. 96, 99 (1980); 2 Restatement (Second), Torts §§ 13, 15, 19 (1965).

## False Imprisonment

False imprisonment is the unlawful restraint by one person of the physical liberty of another.  Restraint means the confinement of another person within boundaries fixed by the person imposing the confinement.  Any period of such restraint, however brief in duration, is sufficient to constitute a basis for liability. However, if you find that the restraint imposed by the Defendant was reasonable in the course of his duties, then I instruct you that this should be considered lawful restraint.

To prevail on a claim of false imprisonment, the plaintiff must prove that her physical liberty has been restrained by the defendant and that the restraint was against her will, that is, that she did not consent to the restraint or acquiesce in it willingly.

The plaintiff must additionally prove that the defendant acted with the purpose of imposing a confinement or with knowledge that such confinement would, to a substantial certainty, result from it.

The plaintiff must finally prove either that she was conscious of the confinement when it occurred or that she was harmed by the confinement.

### *Authority*

*Rivera v. Double A Transportation, Inc.*, 248 Conn. 21, 31 (1999); *Berry v. Loiseau*, 223 Conn. 786, 820 (1992); *Green v. Donroe*, 186 Conn. 265, 267-69 (1982); 1 Restatement (Second), Torts § 35 (1965).

**<u>Recklessness</u>**

The plaintiff has also brought claims of recklessness against the Defendant. Common law recklessness means that a person has done something, with knowledge or otherwise should have known that their action creates a high risk of physical harm to another and deliberately proceeded to act with conscious disregard, or with indifferent to, that risk.

## **Intentional Infliction of Emotional Distress**

There are four elements that must be established for a finding of intentional infliction of emotional distress:  1) that the defendant intended to inflict emotional distress, or that the defendant knew or should have known that emotional distress was the likely result of (his/her) conduct; 2) that the conduct was extreme and outrageous; 3) that the conduct was the cause of emotional distress experienced by the plaintiff; and 4) that the emotional distress sustained by the plaintiff was severe.

The defendant's liability for intentional infliction of emotional distress requires that you find that his conduct exceeded all bounds usually tolerated by decent society.  Liability can be found only where the defendant's conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his or her resentment against the actor, and lead them to exclaim, Outrageous!  Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for liability based upon intentional infliction of emotional distress.

In order for the plaintiff to prevail on her claim of intentional infliction of emotional distress you must find that the plaintiff has proved all of the elements of intentional infliction of emotional distress.

### Authority

*Petyan v. Ellis*, 200 Conn. 243, 253-54 (2003).

**COMMON LAW DAMAGES GENERALLY**

If, based upon the testimony and the exhibits in this case, you conclude that the plaintiff is entitled to compensation, she is entitled to recover for damages that she has proven to you by a fair preponderance of the evidence she has experienced as a proximate result of the negligent conduct of the defendant. You are to award her specific sums of money for damages, if you find those damages to have been proven by a fair preponderance of the evidence and if you find that there is a causal connection between the injuries claimed and the negligent conduct.

The rule for damages is that, insofar as money can do it, the plaintiff is to get fair, just and reasonable compensation for the damages which she has suffered; no more and no less. It is for you to say, in the exercise of your best judgment, what is fair, just and reasonable compensation for damages in this case. There is no fixed rule that you can apply. You have to apply sound common sense in reaching the amount of your verdict, guided by the principles I am about to discuss.

The burden of proving what these injuries and losses were, and their extent of course, rests upon the plaintiff by a preponderance of the evidence -- the same burden I described to you a few moments ago. It is not the defendant's burden to disprove any of the damages of the plaintiff.

You may not speculate or guess as to the nature and extent of the injuries, nor may you speculate or guess as to any amount of damages you may choose to award. You cannot award damages to be paid to the plaintiff by the defendant for any injury which, may, only possibly have resulted from the defendant's alleged conduct.

Your award of damages, if any, should not be designed to punish the defendant and should not be based on sympathy.

**FORMULAS**

In closing argument, counsel may have mentioned some formulas or amounts that might figure in your verdict.  I caution you that figures suggested by counsel do not constitute evidence.  It is up to you to decide what fair, just and reasonable compensation is, whatever you find that figure might be, without regard to amounts that may have been suggested by counsel in argument.

**CATEGORIES OF DAMAGES**

Once the plaintiff has proved the nature and extent of her compensable injuries and losses, it becomes your job to determine what is fair, just and reasonable compensation for those injuries and losses.  There is often no mathematical formula in making this determination.  Instead, you must use human experience and apply sound common sense in determining the amount of your verdict.

In a personal injury action, there are two general types of damages with which you must be concerned:  economic and non-economic damages.  Economic damages are monies awarded for such things as the cost of reasonable and necessary medical care and lost wages.  Non-economic damages are monies awarded for such things as physical pain and suffering, mental and emotional pain and suffering, permanent partial disability and the loss of, or diminution of, the ability to enjoy life's pleasures.

**ECONOMIC DAMAGES**

I will now instruct you more particularly on economic damages.  In this case, the plaintiff seeks to recover economic damages for past and future medical care and expenses and lost wages.

The plaintiff is entitled to recover the reasonable value of medical care and expenses incurred for the treatment of injuries sustained as a result of the defendant's negligence.  The plaintiff must prove that the expenses she claims were reasonably necessary and proximately caused by the defendant's negligence.  If you find that the medical bills were reasonable and were proximately caused by the defendant's negligence, then in the event of a plaintiff's verdict you are to allow them.  In this case, the plaintiff claims medical bills in excess of $58, 790.00.

The plaintiff is also entitled to recover any loss of earnings that she proves to have been proximately caused by the defendant's negligence.  With respect to lost earnings up to the present time, the plaintiff must prove that the defendant's negligence has prevented her from receiving the earnings for which she seeks compensation.  She must do so by establishing a reasonable probability that her injury brought about a loss of earnings. The evidence must establish a basis for a reasonable estimate of that loss.

**NON-ECONOMIC DAMAGES**

Let me now turn to non-economic damages.  In this case, the plaintiff seeks to recover non-economic damages for each of the following type of non-monetary losses or injuries: physical pain and suffering, mental anguish and suffering, permanent partial disability and loss of function, and loss of the ability to enjoy life's pleasures.

A plaintiff who is injured by the negligence of another is entitled to be compensated for all physical pain and suffering, mental and emotional suffering, loss of the ability to enjoy life's pleasures that she proves by a fair preponderance of the evidence to have been proximately caused by the defendant's negligence.  As far as money can compensate the plaintiff for such injuries and their consequences, you must award a fair, just and reasonable sum.  You simply have to use your own good judgment in awarding damages in this category.  You should consider the nature and duration of any pain and suffering that you find.

A plaintiff injured by the wrong doing of another is as much entitled to be compensated for mental suffering caused thereby, and for the results which proximately flow from it, as she is for any physical injuries.  Where a party's negligence is directly responsible for physical injury to another, the injured party may recover for the accompanying mental and emotional suffering which flow as a natural consequence of

the wrongful act.  The mental suffering for which compensation may be claimed and awarded may consist of fright, nervousness, anxiety, depression, distress or worry.

To establish a recovery for mental or emotional distress suffered, as a consequence of any negligence you may find, it is not necessary that the plaintiff produce any expert testimony or incur any medical expenses for it.  Recovery for damages for mental suffering in a personal injury action may be based exclusively on the plaintiff's subjective complaints.  If you are satisfied that a fair preponderance of the evidence supports the claim, the plaintiff is entitled to compensation for mental distress and suffering.

You should consider, as a separate category for awarding damages in this case, the length of time the plaintiff was, or will probably be, disabled from engaging in activities which she enjoys.  If you find that it is reasonably probable that she has suffered permanent physical harm, loss of function or disfigurement, the plaintiff is entitled to be compensated for that category of injury.  Your award should be in accordance with the nature and extent of such physical impairment, loss of function or disfigurement and the length of time she is reasonably expected to endure its negative consequences.

The rule of damages is as follows. Insofar as money can do it, the plaintiff is to receive fair, just and reasonable compensation for all injuries and losses, past and future, which

are proximately caused by the defendant's proven negligence. Under this rule, the purpose of an award of damages is not to punish or penalize the defendant for his/her negligence, but to compensate the plaintiff for his/her resulting injuries and losses. You must attempt to put the plaintiff in the same position, as far as money can do it, that he/she would have been in had the defendant not been negligent.

Our laws impose certain rules to govern the award of damages in any case where liability is proven. Just as the plaintiff has the burden of proving liability by a fair preponderance of the evidence, he/she has the burden of proving his/her entitlement to recover damages by a fair preponderance of the evidence. To that end, the plaintiff must prove both the nature and extent of each particular loss or injury for which he/she seeks to recover damages and that the loss or injury in question was proximately caused by the defendant's negligence. You may not guess or speculate as to the nature or extent of the plaintiff's losses or injuries. Your decision must be based on reasonable probabilities in light of the evidence presented at trial. Injuries and losses for which the plaintiff should be compensated include those he/she has suffered up to and including the present time and those he/she is reasonably likely to suffer in the future as a proximate result of the defendant's negligence. Negligence, as I previously instructed you, is a proximate cause of a loss or injury if it is a substantial factor in bringing that loss or injury about.

Once the plaintiff has proved the nature and extent of his/her compensable injuries and losses, it becomes your job to determine what is fair, just and reasonable compensation for those injuries and losses. There is often no mathematical formula in making this determination. Instead, you must use human experience and apply sound common sense in determining the amount of your verdict.

**VERDICT FORMS**

During your deliberations, you will have with you jury verdict forms.  Once you have completed your deliberations, members of the jury, you will return your completed verdict on the verdict forms, as I will instruct you.  I'm going to have the clerk give them to you in a moment.  I think you'll find these forms helpful in sorting out some of the issues that are involved in this case.

I will go over them with you now.  [DISTRIBUTE VERDICT FORMS]

You will have these forms with you in the jury room.  Whichever forms you use to return your verdict, they must be completed and signed and dated in ink by your foreperson, whom you will choose shortly after I conclude this charge.

Please take several moments to read these documents to yourself and then I will discuss them with you.

Now please look at the two verdict forms.  These are copies of the verdict forms that will be provided to you.  It is essential to understand that you will complete only the appropriate verdict form.  They include the Plaintiff's Verdict or, in the alternative, the Defendant's Verdict form.

It is for you to decide whether your verdict is for the plaintiff or the defendant.  If you find for the defendant, the foreperson signs and dates in ink the form entitled Defendant's Verdict.  If you find for the plaintiff, the foreperson signs and dates in ink the form entitled Plaintiff's Verdict.

**DELIBERATIONS**

We are nearing the end of the charge.  After I conclude this charge, you will begin your deliberations.  Your first duty upon retiring to the jury deliberation room will be to select a foreperson among the regular jurors.  You should do that as soon as the six regular jurors retire.  You may not begin to deliberate, however, until you receive the exhibits from the clerk and the verdict form that I have just talked about.  When you are in the jury room and after you have received the verdict form and the exhibits, you may begin your deliberations.

**CONSIDERATION OF EXHIBITS**

In the jury room you will have all of the exhibits that have been introduced by the plaintiff and the defendant.  They will be there for your examination.  Those exhibits are entitled to as much consideration as the testimony you heard from the witness stand. The exhibits will include a copy of this charge.

Your verdict must be based absolutely and solely upon the evidence here given you on the trial of the case. You should not be swayed or influenced by any sympathy or prejudice for or against any of the parties. You should not be influenced by any claims or comments of counsel which are not warranted by the evidence, but should decide the case upon the evidence presented before you at this trial with due regard to the law as stated by the Court, as applied to the facts which you find to be established by the evidence.

WRIGHT, **Connecticut Jury Instructions,** Section 312.

## MITIGATION OF DAMAGES

The Plaintiff must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment.  This is referred to as "mitigation of damages."  The Defendant must prove by a preponderance of the evidence that the plaintiff failed to mitigate her damages for loss of compensation.

The defendant contends that the plaintiff failed to mitigate her damages, if any. A plaintiff has duty to mitigate damages by using reasonable care and diligence in seeking suitable alternative employment. A plaintiff need not go into another line of work, accept a demotion or take a demeaning position but must use reasonable care and diligence in seeking a job substantially equivalent to the one that was lost. **Dailey v. Societe Generale**, 108 F.3d 451, 458 n. 1 (2d Cir.1997).


Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

**REHEARING TESTIMONY OR INSTRUCTIONS; QUESTIONS**

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or if you have a question about any particular testimony, it is your right to return to the courtroom and ask that it be played back to you from the official record.  If you have any questions about my instructions to you on the law, a copy of this jury charge will be provided to you in the jury deliberation room.  You may also pose to the court other questions concerning the law or the evidence which arise during your deliberations.  In either event, please prepare a note, dated and signed by the foreperson, specifying clearly what testimony you wish to have replayed, or what portion of the instructions or other question you have, and contact the marshal.  The clerk will deliver the note to me, and I will have you return to the courtroom where I will respond to your inquiry.  Contacting the clerk, ladies and gentlemen, simply means knocking on the inside of the door to the jury deliberation room.  You should do that if you have questions and at the time your reach your verdict.  The marshal will then come and retrieve the questions or verdict note from you, and will advise me and the attorneys.

Please try to make your questions precise as possible if you have any.  We cannot engage in informal dialogue once you are out here; and I will respond only to the question on the paper.

DEFENDANTS:


By: _____
Russell N. Jarem
**Gordon, Muir and Foley, LLP**
10 Columbus Boulevard
Hartford, CT  06106
(860) 525-5361
Federal Bar No. CT27848